THE J. B. WATKINS LAND MORTGAGE COMPANY v. CORNELIA U. ELLIOTT.

No. 11,503. (62 Pac. 1004.)

FOREIGN CORPORATIONS— *Service of Summons on Officer Casually Found in the State.* A corporation of one state, not doing business in another state, is not subject to the jurisdiction of such other state by the casual appearance there of its president or other managing officer and the service of summons on him while there; but a mortgage loan company of a state which makes its securities payable at a designated agency in another state, and which pays them there, and which appoints a trustee resident in such other state to receive and hold its securities in trust for the payment of its obligations made payable there, and which deposits its securities with the trustee for such purpose, is doing business in such other state, and is amenable to suit there by the service of summons on its president or other managing officer casually found in the state.

Error from Douglas district court; A. W. BENSON, judge. Opinion filed December 8, 1900. Affirmed.

*A. C. Mitchell*, and *S. D. Bishop*, for plaintiff in error.

*W. W. Nevison*, and *D. S. Alford*, for defendant in error.

The opinion of the court was delivered by

DOSTER, C. J.: This was an action on a judgment rendered by a court of record of New York in favor of Cornelia U. Elliott against the J. B. Watkins

Land Mortgage Company. Judgment was again rendered in favor of Elliott, and from it error has been prosecuted to this court. The mortgage company is a loan corporation organized under the laws of Colorado. Suit was brought against it in New York and personal service of summons obtained on J. B. Watkins, its president. It made no appearance to the action, and judgment by default was rendered against it. The action in this state was on a transcript of such judgment. The defense was lack of jurisdiction of the court of New York over the person of the defendant. The ground of this claim was that the mortgage company was a corporation foreign to New York, and therefore was not amenable to suit in that state unless it was doing business there. The contention was also made that the fact of the company's doing business in New York must affirmatively appear from the record sued on, which fact it was claimed did not appear from the record in question. These are likewise the contentions in this court.

We had occasion, in *Life Association v. Boyer*, ante, p. 31, 61 Pac. 388, to consider and announce our approval of the rule contended for by the plaintiff in error, viz., that a corporation of one of the states not doing business in another cannot be subjected to suit in such other state by the service of summons on one of its officers casually found therein. In that case we quoted from the authority upon which plaintiff in error in this case principally relies, to wit, *St. Clair v. Cox*, 106 U. S. 356, 1 Sup. Ct. 354, 27 L. Ed. 222, as follows:

"We are of opinion that, when service is made within the state upon an agent of a foreign corporation, it is essential, in order to support the jurisdiction of the court to render a personal judgment, that it

should appear somewhere in the record—either in the application for the writ or accompanying its service, or in the pleadings or the finding of the court—that the corporation was engaged in business in the state.''

As likewise expressive of the rule, we also quoted from Morawetz on Corporations, section 980, as follows :

''If a corporation is not engaged in trade and makes no contracts in a foreign state, justice seems to demand that it should not be subjected to suits in that jurisdiction ; and it has been held, therefore, that under these circumstances the agents of the company have no authority to represent it in receiving service of writs or entering a voluntary appearance. Service of process upon the president or other managing agent of a corporation, while merely casually present in the jurisdiction of another state, does not constitute personal service upon the corporation itself.''

It would appear, therefore, that the rule contended for is sound ; but we are of opinion, however, that it does not apply to the case of the plaintiff in error, or rather, that its case lies within the exception to the rule and not within the rule itself. The record sued on shows that it was making contracts and otherwise doing business in the state of New York. The action in New York, as shown by the transcript of judgment sued on, was on instruments called ''real-estate debenture coupon bonds.'' These bonds showed on their face that they belonged to a certain designated series aggregating one hundred thousand dollars, all payable at the National Bank of Commerce, in the city of New York, and all secured by the assignment to and deposit with a trustee, to wit, The Farmers' Loan and Trust Company of New York, of an equal amount of real-estate mortgages. And it was further specified in the bonds that they did not become oblig-

atory until the trustee had indorsed thereon a certifi-
cate of the fact that the specified amount of mortgage
securities had been assigned to and deposited with it
for the benefit of the holders of the debentures, in ac-
cordance with the terms of an agreement entered into
between it and the mortgage company. In the case
of the bonds sued on, the trustee had indorsed thereon
the required certificate. We think this showed a do-
ing of business, a making of contracts, by the mort-
gage company in the state of New York. The bonds
were payable at a designated agency in New York.
This involved a remittance of money to the agency to
meet the obligations at maturity; it involved a con-
tract of employment, an agency of the one party for
the other; it involved an accounting between them;
it involved the incurrence of a liability enforceable by
the principal against the agent in New York.

The bonds sued on also showed the making of a
contract of trusteeship in New York, enforceable in
that state. The execution of this contract involved
the placing of valuable securities under the protection
of the laws of New York and subject to the jurisdic-
tion of the courts of that state. It involved relations
between the creator of the trust, the trustee and *cestui
que trust*, enforceable in the courts of New York.
Now the making of the several contracts and the crea-
tion of the several relations mentioned were all shown
by the record of the case in New York sued on in this
state, and therefore we are entitled to presume, as a
consequence thereof, the execution of such contracts
and the carrying on of such relations; that is, to pre-
sume the transaction of the business the parties agreed
to conduct.

The statutes of the state of New York, introduced in
evidence upon the trial of the action in this state, au-

thorized the service of process upon the president of a foreign corporation doing business in that state.

The plaintiff in error also raises a question of revivorship, which revivorship, as it says, was made necessary by the appointment of a receiver of its assets and to manage its affairs, and it also raises a question as to the validity of an attachment of some of its property on account of a contract between its creditors to share equally and without preference in its assets. The first of these claims is unfounded; the other one is not in the case.

There is no error in the record and the judgment of the court below is affirmed.